JUSTICE McDONOUGH
delivered the Opinion of the Court.
This is an appeal from a jury trial and judgment of the Fifth Judicial District, Madison County. Mack Financial Corporation (Mack) filed a complaint against Joseph and Marjean Tezak and their construction company (hereinafter Tezak) for repossession, sale and a deficiency judgment on cement trucks Tezak was purchasing under a retail installment contract. Tbzak counterclaimed that Mack fraudulently induced surrender of the trucks and then disposed of the trucks contrary to an agreement of the parties and contrary to the Uniform Commercial Code. The District Court denied Tbzak’s motion for summary judgment, allowing the issue of whether Tbzak received reasonable notice of sale, as required under § 30-9-504 MCA, to go to the jury. The District Court further denied Tezak’s request that the jury be instructed that Mack had violated the Uniform Commercial Code. The jury verdict was in favor of Mack. Tbzak appeals and we affirm.
The issues for our review are:
I. Did the District Court err by denying Tbzak’s motion for summary judgment, on the issue of liability, for failure to give reasonable notice of sale of repossessed collateral in violation of § 30-9-504(3)(a), MCA?
II. Did the District Court err by failing to instruct the jury that Mack failed to give reasonable notice of the sale and that therefore the jury must consider damages including lost profits suffered by Tbzak?
Tbzak purchased, under separate installment contracts, two cement trucks from Mack. Tbzak experienced financial difficulties and the contracts were consolidated and repayment schedules were renegotiated on several occasions. Tbzak’s inability to keep his payments up to date finally culminated in Mack filing this action. There is no dispute that Tbzak was delinquent in payment of the agreement and that the trucks themselves were collateral for the agreement.
After the action was filed, Tbzak indicated to Mack that he was *494 considering challenging service of process and form of the summons. Immediately preceding a show cause hearing, set for April 19, 1983, the attorneys for the parties discussed the service problem and made an agreement. Under the agreement, Tazak was to deliver the trucks and voluntarily submit to jurisdiction. Mack agreed to provide Tezak 10 day notice of any sale of the cement trucks. A stipulation was drafted by Mack’s attorney and forwarded to Tezak. The stipulation included only the terms of voluntary appearance in the action and delivery of the trucks but failed to mention the portion of the agreement relating to notice of sale. The stipulation was never executed or filed.
On or about May 4,1983, Tezak received notice from Mack, dated April 28,1983, that the trucks would be sold on or after May 12,1983 at private sale. Tezak contacted Mack’s attorney at that time, Gary Walton (Walton). There is a factual dispute regarding what ensued. Tezak contends Walton told him that he should “ignore and disregard” the notice. Mack contends that the instruction to ignore or disregard was conditioned upon execution of the stipulated agreement.
On June 23,1983, Tezak received a second 10 day notice of private sale, this time from Walton. However, the trucks had actually been sold on June 15th and 18th, 1983, respectively. Tezak contends that because the April 28, 1983 notice was void and the June 23, 1983 notice came after the trucks were actually sold, Mack failed to provide reasonable notice of sale as required by law. At trial, at the close of testimony, Tezak moved for summary judgment, alleging there existed no factual dispute regarding Mack’s failure to provide notice prior to sale. Although Tezak referred to his motion as one for summary judgment, it was actually a motion for a directed verdict and we treat it as such.
Section 25-7-302, MCA, provides:
Where, upon the trial of an issue by a jury, the case presents only questions of law, the judge may direct the jury to render a verdict in favor of the party entitled thereto.
The test commonly employed to determine if the evidence is legally sufficient to withdraw cases and issues from the juiy is whether reasonable men could draw different conclusions from all the evidence. If only one conclusion is reasonably proper, then the directed verdict is proper. Cremer v. Cremer Rodeo Land and Livestock Co. (1979), 181 Mont. 87, 592 P.2d 485. Evidence introduced by the plaintiff Mack, will be considered in a light most favorable to *495 plaintiff and as proving whatever it tends to prove. Cremer 181 Mont. at 91.
Section 30-9-504, MCA, provides in part:
Secured party’s right to dispose of collateral after default — effect of disposition.
(3) (a) ... Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor if he has not signed after default a statement renouncing or modifying his right to notification of sale. [Emphasis added]
Section 30-9-504, MCA, clearly requires that a secured party must provide the debtor reasonable notification of the time after which repossessed collateral will be privately sold. Mack contends that the April 28, 1983 notice does provide adequate notice of private sale in conformity with the statute.
The dispositive issue for our review is whether or not Walton’s instruction to Tfezak, to disregard the April 28, 1983 notice, was conditioned upon execution of the stipulated agreement. In other words, if Walton’s instructions to disregard were conditioned upon execution of the stipulated agreement, Tezak’s failure to execute the stipulation precludes him from disregarding the April 28,1983 notice. If, however, the instruction was unconditional, Tfezak properly disregarded the April 28, 1983 notice, and was entitled to re-notice. The June 23, 1983 notice was not provided prior to sale of the trucks and therefore would not fulfill the mandate of § 30-9-504, MCA.
Tfezak testified that he was instructed by Walton to disregard the April 28, 1983 notice without any reference to the imposition of any conditions. Attorney Walton also appeared as a witness at the trial. We note the following excerpt from his testimony:
Q. What did you discuss with Mr. Tfezak in regard to that notice? A. I told Mr. Tfezak that as far as I was concerned, he should — I don’t know if I used the word ignore but I told him that he should disregard that notice of private sale. And I did so with the understanding that Mr. Gilbert (Tfezak’s attorney) was going to execute the stipulation that had already been sent to him.
Q. So it was your understanding that if Mr. Gilbert signed the stipulation and filed it, you would be willing to renotice the sale? A. Right.
*496 Transcript of Proceedings, Volume IV, page 13.
On cross examination, Walton was asked and provided:
Q.... is it your position that the April 28 notice was invalid in light of your instruction to Joe Tezak to ignore it?
A. Well, I think it depends on whether they had followed through with the stipulation in June, which they did not.
Transcript of Proceedings, Volume IV, page 25.
We conclude that reasonable men could draw different conclusions from the above evidence and inferences therefrom. There remains a factual issue regarding whether or not the instruction to disregard was conditional. A directed verdict is appropriate when there only remain questions of law. Section 25-7-302, MCA. We further conclude that the April 28, 1983 notice, standing alone, provides reasonable notice of sale within the meaning of § 30-9-504, MCA. The District Court was not in error for submitting the case to the juiy for resolution. Furthermore, the District Court did not err by refusing to give an instruction that required the juiy to find that Mack had failed to give reasonable notice. In light of the jury verdict in favor of Mack, we need not address the issue of damages raised by Tezak. The District Court is affirmed.
CHIEF JUSTICE TURNAGE, JUSTICES GRAY and WEBER concur.